The opinion of the court was delivered by
Tilghman, C. J.
(After stating the case.) It has been so often decided, that it is now settled law, that parol evidence may be give to show, from what passed at the time of the execution of a writing, that it was executed by one party, in consequence of the fraudulent conduct or false representations of the other. It is ob* jected that no adjudged ease goes so far as the present; because, here, the evidence is in total destruction of the defendant’s obligation. But the principle is the same, whether the obligation be de^ stroyed in whole, or in part. In either case, it is broken in upon, The destruction of a written instrument, by parol evidence, may seem dangerous, and in fact it is so. But the community would be in a still worse condition, if it were established as an inflexible rule, that when a man’s hand was once got to an instrument, no matter by what means, the door should be shut against all inquiry. The encouragement to fraudulent villainy would be so great, under such a system, that the consequences might be intolerable. The defendant does not deny, that he executed these notes, or allege that he was ignorant of their contents; but declares, that he would not have executed them, but for the assurance of the plaintiff, that the having two names was no more than matter of form, and that he should not be looked to as payer. To be sure, it is a strange story, and one that the jury should have heard with great caution. A great deal would depend on their opinion of the defendant as a man of intelligence, and of the plaintiff as a man of integrity. But the question is not, what weight ought to have been given to the evidence, but whether the jury should have been permitted to hear it. And I confess I do not see how it could have been keptfrom them without undoing what has been done in the courts of Pennsylvania for the last fifty years, and without saying, that when a man has put his hand to a paper, he shall not be permitted to allege that he was induced to do it by fraud or artifice. I am therefore of opb nion that the evidence was properly admitted, and the judgment should be affirmed.
Duncan, J. gave no opinion, not having heard the argument.
.Judgment affirmed,