## ¡Stewart *against* Behm.

One of a firm having signed the firm name to a note under seal, the supposition of a surety who signed the same note that both parties would be bound, will not excuse him from his liability on it.

If the signature of the surety, in such case, had been induced by the misrepresentation of the payee of the note, he would not be bound.

ERROR to *Lebanon* county.

The style of this action was, Alexander Stewart against Christian Behm and Martin Swarr, administrators of Jacob Swarr deceased, who was jointly and severally bound with David Dasher, who signed and sealed the same in the name of Ringle & Dasher. The action was upon a joint and several note under seal, signed Ringle & Dasher, who were principals, and Jacob Swarr, who was a surety. The defendant pleaded payment with leave; and relied upon the facts that he was a surety, and that Ringle was not in law bound as it was the intention of the parties he should have been. The court below (Blythe, president) was of opinion that the plaintiff was entitled to recover, and so instructed the jury, who found a verdict accordingly.

*Weidman,* for plaintiff in error.

*Pierson,* contra, cited, *Chitty on Con.* 223; *Gow on Part.* 94; 4 *Cranch* 219.

PER CURIAM.—The representatives of a deceased obligee are discharged at law, and consequently in equity, where the decedent was a surety, only when the obligation is a joint one ; and here they are sued severally. The remaining point is equally simple. In Barrington *v.* The Bank of Washington, 14 *Serg. & Rawle* 422, it was held, that to erase the name of a joint obligee without the consent of his fellows, avoids the bond, because it increases the burthen of their individual responsibility when divided among each other. For the same reason a representation by the obligee that the bond would be executed by others, would, if not carried into effect, be fraudulent, on the principle of Miller *v.* Henderson, 10 *Serg. & Rawle* 290, where parol evidence was admitted to show that the obligor executed the bond under an assurance of the obligee that the object was not to charge him, but to comply with a formality. But where the obligor has acted with good faith, what has he to do with the mistakes or misconceptions of the obligee? Here the principal obligor signed the name of his firm; and the point of defence is rested on an as-

[Stewart v. Behm.]

sumption of the fact that the surety supposed the signature would bind both the parties.   But his mistake was in a matter of law which he was bound to know; and even had it been in a matter of fact, which was the basis of his motive for becoming bound, it would not avail him, unless it were induced by the misrepresentation of the obligee.   Here it seems the obligee was not present at the act of execution ; and as there is no pretence of misrepresentation or concealment by him at any time, there was no colour for the defence.

Judgment affirmed.