St. Albans Bank *v.* Dillon et al.

THE ST. ALBANS BANK *v.* CATHARINE DILLON AND EDWARD McGOWAN.

*Promissory note.    Consideration against public policy.    Principal and surety.*

A note taken by a sheriff, who was also jailer, from a person in prison for the payment of a fine and costs, legally imposed, is not void as against public policy.

The taking of the note by the jailer, of his own accord, was equivalent to the receipt of so much money, and he became debtor for the fine and costs.

The taking such note can not be considered an act of oppression but an act of favor; it can not be said to have been taken by abuse of legal process, to stifle any public prosecution or in any way to compromise the ends of public justice.

The coverture of the principal, at the time the note was given, can not have the effect to discharge the surety.

It is a general rule, that the extent of the liability of the surety is commensurate with that of the principal, but when the matter of defense pleaded by the principal is altogether of a personal character, as infancy or coverture, it can not avail as matter of defense for the surety.

This was assumpsit upon a note for one hundred and ten dollars and forty-four cents. Plea, the general issue; trial by jury, at the December Term, 1856,—PECK, J., presiding.

The plaintiffs proved the execution and delivery of the note at the time of its date, to A. Burr or order, payable at the St. Albans Bank, on the 1st of December, 1855; and that Burr indorsed and delivered the note to the plaintiffs in the usual course of business, and before the note became due. The plaintiffs at the same time advanced the amount to Burr, discounting the note, and became the *bona fide* owners and holders of the same.

The defendants showed that Catharine Dillon, one of the defendants, was prosecuted before a justice of the peace for selling spirituous liquors within this state without license; was tried and convicted, sentenced to three months' imprisonment in the county jail at St. Albans, and to pay a fine of one hundred dollars, with costs of prosecution, taxed at ten dollars and forty-four cents, and to stand committed till the sentence be complied with; that the mittimus was given to Burr, the sheriff of Franklin county and the keeper of the jail, who thereupon committed her to jail; that after her term of three months' imprisonment had expired, and while she remained in prison for non-payment of the fine and costs, she proposed to Mr. Burr to give him her note with satisfactory surety for the fine and costs, and have him discharge her from her imprisonment. This offer he accepted, and thereupon she, with the defendant McGowan as her surety, executed to the said Burr the note now in suit, for the amount of the fine and costs, and nothing else, and he thereupon discharged her from her imprisonment.

When the plaintiffs took the note of Burr, they had no knowledge of what the consideration of the note was, or of the foregoing facts. It also appeared that the defendant Dillon was a married woman at the time of her conviction and when she signed the note, and that her husband was living at St. Albans at the time.

Among other things, it was insisted by the defendants' counsel that the coverture of the defendant Dillon was a defense; but the court directed the jury to sign a verdict for the defendant Dillon to recover her costs of the plaintiffs, the plaintiffs thereto consenting, and also to sign a verdict that the plaintiffs recover of the

defendant McGowan the amount of the note with costs, and rendered judgment accordingly. Exceptions by the defendant McGowan, insisting that the facts above proved did not authorize a recovery against either of the defendants; and that if the defendant Dillon obtained a judgment against the plaintiffs the plaintiffs could not at the same time and in the same suit, recover judgment against the defendant McGowan.

*Aldis & Burt,* for the defendants.

I. The note when given was void as against public policy.

The duty of the sheriff was to receive the fine and costs *when paid,* not to take security for the payment and so discharge the prisoner. *Stevens* v. *Webb,* 2 Vt. 344; *Foot & Stone* v. *Emerson,* 10 Vt. 338; Chitty on Contracts 585 and notes; *Ayer* v. *Hutchins,* 4 Mass. 370; *Churchill* v. *Perkins,* 5 Mass. 541; *Denny* v. *Lincoln,* 5 Mass. 385.

The statute (p. 588, sec. 1,) by conferring upon the *court* the authority to take "good and sufficient security for the payment of the same," impliedly precludes all ministerial or executive officers, like sheriffs, from exercising any such power. It is a judicial discretion confined to the courts. Without such express authority by the statute, the courts would have no such power. *Kingsbury* v. *Ellis et al.,* 4 Cushing 578; Compiled Statutes 58 sec. 62.

The governor of the state and the courts alone have this discretionary power. The state requires actual payment of the fine and costs before the prisoner can be released. A note to the state treasurer or sheriff is not payment. It gives the state not the money, but a right to have a lawsuit with a sheriff or other person, and thus the actual recovery of the fine and costs is doubtful.

II. The principal, Mrs. Dillon, having recovered a judgment in this suit on this note, for her costs, the other defendant, McGowan (who is a mere surety), is also discharged.

*H. G. & L. M. Edson* and *H. R. Beardsley,* for the plaintiffs.

It is well established that a *bona fide* holder, without knowledge of the consideration, is able to shut out all defenses, except where the note is declared void by statute, or where given upon gambling or usurious considerations; and that illegality, duress, fraud and want or failure of consideration, are no defenses as against a

St. Albans Bank *v.* Dillon et al.

*bona fide* holder for value.  *Powers* v. *Ball*, 27 Vt. 662;  Story on Prom. Notes secs. 217, 191;  Chitty on Bills 78, 79.

Her imprisonment at the time the note was given was no part of the punishment, but merely the means pointed out by statute for enforcing the payment of the fine and costs, and she was upon expense until these were paid.  She gave the note, which was taken in good faith by Burr, to relieve herself from imprisonment and future costs, which was a sufficient consideration.  *Leegars* v. *Brinkworth*, 4 Camp. 45;  *Bedey* v. *Wingfield*, 11 East 46;  *Kirk* v. *Strickwand*, 4 B. & Ad. 421.  It may be fairly inferred that the note was intended by the parties to operate as payment, and by sec. 1 of chap. 114 Comp. Statutes, Burr might receive the note as payment or security for the fine and costs.  The contract was joint, and the plaintiffs were entitled to recover of the defendant McGowan, notwithstanding both the defendants were not liable.  Sec. 1 of No. 7 of Acts of 1851, p. 5.

The opinion of the court was delivered by

BENNETT, J.  We apprehend the defense set up to this note can not be sustained.

It is claimed that the note in question is *void*, it being taken, as it is said, upon a contract made in contravention of sound policy.  Burr, the sheriff of the county, and jailer, took the note payable to himself or order, in discharge of the fine and costs for the non-payment of which Mrs. Dillon had been committed to jail, and she was thereupon discharged from her confinement.  Whenever she paid the fine and costs she was entitled to her liberty, and when the jailer took it upon himself to take the note, it was in effect so much money in his hands, and he at once became debtor for the fine and costs, as much so as if she had paid 'm the amount in cash.  The note became his own.  The sheriff c'd not make use of legal process to oppress Mrs. Dillon, but what was done was matter of favor and indulgence towards her, and she should be the last to complain.  The statute under which the penalty was incurred by Mrs. Dillon, provides that the court may take security for the payment of the fine and costs before he issues a warrant, and it would seem to be a great stretch of authority to hold that the taking of this note was against sound policy, if the sheriff of his

own accord elected to treat it as so much cash in his hands. When a case arises in which legal process has been made use of for *oppressive* purposes, it will be time enough to decide what the effect should be upon a contract obtained by means thereof. In *Leegars* v. *Brinkworth,* 4 Camp. 45, a warrant had issued to collect a penalty which had been incurred for a breach of the excise laws. The officer took a note for the penalty, and it was held the security was valid. Though in that case it was a conceded point by the court, that if the officer had abused the process, he should not have been allowed to have enforced the note. This case is, we think, according to the whole current of authority. In the taking of this note no statute was violated. It was not taken to stifle any public prosecution, or in any way to compromise the ends of public justice, but rather in furtherance of the same and to carry into effect the sentence of the law. This was the manifest intention of the jailer, and the legitimate effect of his action, and we think, upon the facts in this case, the note must be held a valid security, even in the hands of the sheriff, and much more in the hands of a *bona fide* indorsee. See 11 East. 45; 4 B. & Adolp. 421; 24 Common Law 91.

The fact that Mrs. Dillon was a *feme covert* at the time this note was given can not have the effect to discharge McGowan as a several obligor. This may have been the very reason why security was required. See title, Feme Covert, sec. 4, Bingham on Inf. 470; 7 New Hampshire 360; 1 Parsons on Con. 494.

It is a general rule, that the extent of the liability of the principal measures and limits the liability of the guarantor; but when the matter of defense in the hands of the principal is altogether of a personal character, as infancy or coverture, such matter can not avail as matter of defense for the surety. He in such a case stands in a certain sense as principal promissor. 1 Parsons on Contracts 494.

The statute of 1851 enabled the plaintiffs in this joint action, to take their judgment against McGowan. The fact that the defendant Dillon had judgment for her costs against the plaintiffs is nothing to the other defendant, who alone was liable upon the note. McGowan is the only excepting party, and the judgment of the county court against him is affirmed with costs.