THE COUNTY OF APPLING *vs.* MCWILLIAMS *et al.*

Although the ordinary of Appling county should only receive cash for a license to retail liquors (Acts 1877, p. 331), yet where he in fact received a part in cash and a note for the balance and the maker received his license, such note could be collected and was not rendered uncollectible, on the ground that it was based on an illegal consideration.

(*a.*) Criminal laws are to be strictly construed; and so construed, the fourth section of the act of 1877 does not apply to the ordinary who issues the license, though his conduct may be reprehensible. The ordinary is bound to the county for the amount of the note.

April 24, 1883.

Ordinary. Contracts. Criminal Law. License. Before Judge MERSHON. Appling Superior Court. March Term, 1882.

Reported in the decision.

G. J. HOLTON; S. W. HITCH; HARRISON & PEEPLES, for plaintiff in error.

No appearance for defendants.

JACKSON, Chief Justice.

This case was submitted to the judge on an agreed statement of facts. The note was sued by the county of Appling. It was payable to the ordinary for license to retail liquors. The law of that county requires one thousand dollars for such license. The ordinary received $500.00 cash from this retailer, and took his note for the balance. Because the law required all cash—acts of 1877, p. 331—the court held that the note was illegal and uncollectible, though the main defendant got the *quid pro quo*, and sold under the license.

1. The case is controlled by that of *Blain vs. Hitch*, last term, where we held that when the solicitor general

took a note for fine and costs, and the party thereby was relieved from the alternative of imprisonment, the note was collectible.

In the case at bar, it is true that the 4th section of the act *supra*, prescribing the terms of license for retailing spirituous liquors, makes it penal to violate it; but inas—much as this part of the act is criminal in its penalty of fine or imprisonment for its violation, we construe it strictly, and hardly think it is operative on the ordinary. His conduct, however, is highly reprehensible, and nothing saves him from punishment, under the act, as well as all parties to this note, but the rule of strict construction of criminal acts. So construing it, we hold that it means, if one sells without license, he is to be fined or imprisoned, as that fourth section provides.

This construction of the fourth section of the act makes this case all fours with that of *Blain vs. Hitch, supra.*

Unquestionably, the ordinary is bound to the county to pay the note; and as these makers got by it what they bargained for, they ought not to escape, but under *Blain vs. Hitch*, must all be held bound to pay it. It is to be regretted that the ordinary and all the other parties to the paper cannot be prosecuted and punished under the 4th section, but strict construction of the doubtful meaning of a criminal provision of the law lets them out of the penalty; however, the promissory note must be paid. See also 30 Vt., 122; 43 N. H., 209.

Judgment reversed.