SIDNEY B. BOWMAN CYCLE CO. v. DYER et al.

(City Court of New York, General Term. May 1, 1900.)

1. ESTOPPEL—CORPORATIONS—LEASE—INDIVIDUAL SIGNATURES.
   Where a lease to a corporation was signed and delivered for the lessee by defendants individually, they were estopped from denying authority from such corporation to so sign and deliver, since, if they had no authority to bind the lessee, they became liable themselves.

2. LEASE TO CORPORATION—GUARANTY—LIABILITY OF PRINCIPAL—RELEASE OF SURETIES.
   Guarantors of a lease of a corporation cannot escape liability thereon after enjoyment of the term, on the ground that their principal was not liable thereon.

Appeal from trial term.

Action by Sidney B. Bowman Cycle Company against Elisha Dyer, Jr., and another, to recover on a guaranty. From a judgment in favor of the plaintiff, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Dos Passos Bros. & Mitchell (Edmund F. Harding, of counsel), for appellants.

Greene & Stotesbury, for respondent.

FITZSIMONS, C. J. The plaintiff, at the request of the defendants, duly executed a lease bearing date December 30, 1895, whereby it leased unto the Michaux Cycle Club, of the city of New York, a certain hall, and other rooms connected therewith, known as "Bowman's Cycle Academy," for a term commencing November 1, 1895, up to and including April 30, 1896, at a stated rental. Mr. Haines, one of the defendants, afterwards brought the lease back to the plaintiff as an instrument executed by the lessee, and by the defendants as sureties for the rent. The lease, instead of being signed by the lessee in its corporate name, was signed, "Elisha Dyer, Jr. W. A. Haines," and accompanying and forming part of it was a guaranty executed by the defendants in these words:

"In consideration of the letting of the premises within mentioned to the within Michaux Cycle Club, at our request, and the sum of one dollar to us and each of us paid by the said party of the first part, we and each of us do severally, individually, covenant and agree, to and with the party of the first part above named, that if default shall be made by the said Michaux Cycle Company in the payment when due of the rent reserved in the within lease to be paid by the said Michaux Cycle Club, that we will well and truly pay the said rent, or any portion thereof that may remain due and unpaid, to the party of the first part.

"Dated New York, Decr. 30th."

The action was against the defendants as guarantors under the above instrument. There was no dispute as to the amount of rent due, and the trial justice thereupon directed judgment therefor in favor of the plaintiff.

Upon the trial the defendants objected that the lease was not properly executed by the lessee in its corporate name, "The Michaux Cycle Club"; hence neither it nor the guarantors became liable thereon. It is not necessary to decide whether the Michaux Cycle Club became bound on the lease, so long as the defendants, as guarantors, became liable thereon. That the guarantors became liable thereon is clear upon principle and authority. They signed the lease for the lessee, and delivered it to the plaintiff as a properly executed instrument, and are estopped from alleging that they had no authority from the lessee so to do; for, if they had no authority to bind the lessee, they became liable personally on the original instrument. See 2 Herm. Estop. § 1072. The defendants were in no manner deceived or misled. They acted knowingly and intelligently. If, by reason of some purely personal defense, the principal is not liable on his obligation, this will not release the surety. Thus, if the principal is an infant or a married woman, and incapable of executing a valid contract, a surety on such a contract may be liable, though his principal be not. Bank v. Dillon, 30 Vt. 122; Kimball v. Newell, 7 Hill, 116; 11 Chit. Cont. (Am. Ed.) 739; 2 Pars. Cont. (6th Ed.) p. 4, and kindred cases. The defendants delivered the lease to the plaintiff as one properly executed by the

lessee and as a valid and binding obligation. To permit them to escape from the liability on their guaranty, after full enjoyment of the term, would be to lend judicial sanction to a fraud upon the plaintiff corporation, which acted in good faith on the defendants' acts and solemn obligation. The defense is technical, and without either merits or morals to support it.

The judgment is right, and must be affirmed, with costs.

O'DWYER, J., concurs.