#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1873, IN THE FIFTY-
EIGHTH YEAR OF THE STATE.

---

### DAVIS ET AL. v. STATTS.

PRINCIPAL AND SURETY.—*Married Woman.*—*Promissory Note.*—Where there
is no fraud, duress, deceit, or violation of law or public policy on the part of
the payee, in procuring the execution of a promissory note, the sureties of such
note are liable, although the principal be not; as where the principal is a
married woman.

From the Wayne Common Pleas.

*J. B. Morris*, for appellants.

*L. D. Stubbs*, for appellee.

PETTIT, J.—This suit was brought by the appellee, Statts,
against William M. Davis, Milton L. Davis, Daniel C. Rich,
and Esther A. Rich, on the following note:

"$898.00.   March 18th, 1872.   Ninety days after date, we
promise to pay to the order of Oliver P. Statts eight hun-
dred and ninety-eight dollars, value received, waiving valua-
tion and appraisement laws, drawing interest at the rate of
six per cent.   Esther A. Rich, William M. Davis, Daniel C.
Rich, Milton L. Davis."

The complaint was in the usual and proper form.    Esther A. Rich answered, that at the time of giving the note, she was a married woman, and that she still continued such married woman, which facts were known to the payee of the note.    This answer was demurred to for want of sufficient facts, which was overruled.    From this time she was left out of the case, except that she had judgment for costs.    The other defendants, Daniel C. Rich, Milton L. Davis, and William M. Davis, answered, that they " admit the execution of the note herein sued on, but say that the same is void, and that they are not liable on the same, for the reason and on account of the matters and things herein set forth.    Defendants represent and say, that the said note was made and executed by defendant Esther A. Rich, as principal, and the said defendants Daniel C. Rich, Milton L. Davis, and William M. Davis signed said note as sureties to defendant Esther A. Rich, and that no consideration for the same moved to said sureties.    All of which was well known to said plaintiff at the time he received said note.    Defendants further say that at the time defendant Esther A. Rich made and executed said note, she was and still is a married woman, and living with her husband, and had never been authorized by any court to contract; and plaintiff well knew at the time he accepted said note that said defendant Esther A. Rich was a *feme covert*, and that the consideration for the same moved to said principal."

To this answer, a demurrer, for want of sufficient facts, was sustained, and these three defendants failing and refusing to answer further, judgment was rendered against them for the amount of the note.

This case presents the sole and only question as to whether the sureties of a married woman, who is not herself liable, on a promissory note, are liable to the payee, all parties, payee, principal, and sureties, knowing that the principal was not liable.    We hold that the sureties are liable on such note, where there is no fraud, duress, deceit, violation of law or public policy, on the part of the payee, in procuring said

note, and the following authorities fully sustain this ruling: *Harris* v. *Huntbach*, 1 Bur. 373; Addison Contracts, 37; Chitty Contracts, 10 Amer. edition, 547; 2 Parsons Contracts, 4; *St. Albans Bank* v. *Dillon*, 30 Vt. 122; *Kimball* v. *Newell*, 7 Hill N. Y. 116; *Smyley* v. *Head*, 2 Rich. 590; *Whitworth* v. *Carter*, 43 Miss. 61; *Jones* v. *Crosthwaite*, 17 Iowa, 393; *Stillwell* v. *Bertrand*, 22 Ark. 375; 1 Parsons Notes & Bills, 244.

The appellants cite and put great stress on the case of *Osborn* v. *Robbins*, 36 N. Y. 365, and similar cases, to sustain their view of the question, that a surety is not liable further than the principal, and that whatever discharges the principal discharges the sureties. That case is one in which the note was procured by duress, in violation of law, and contrary to public policy, morality, and justice; and it can have no weight, or be an authority, in the case before us.

The judgment below is in all things affirmed, at the costs of the appellants.