————0————

WEED SEWING MACHINE COMPANY, Plaintiff in Error, vs. EMMA MAXWELL, et al., Defendants in Error.

1. *Principal and surety—Bond of married woman—Liability of surety.*—A bond given by a married woman is void at law as to herself, but the sureties thereto are bound. Generally, the extent of the liability of the surety is measured by that of the principal; but in cases of infancy and coverture, the surety is in some sense a principal promisor.

### Error to Phelps Circuit Court.

*Botsford & Williams,* for Plaintiff in Error, cited : Smiley vs. Head, 2 Rich. [S. C.] 590 ; Maggs vs. Ames, 4 Bingh. 470 ; Stillwell, Ex'r vs. Bertrand, 22 Ark. 375 ; St. Alban's Bank vs. Dillon, 30 Vt. 122 ; 4 Bingh. Inf., 470 ; 7 N. H. 368 ; 1 Pars. Cont. 494 ; Whitcoorth vs. Carter, 43 Miss. 61, (decided in 1870) ; Foxworth vs. Bullock, 44 Miss. 457 ; Jones vs. Crosthwaith, 17 Iowa, 393 ; Kimball vs. Newell, 7 Hill, 116 ; Add. Cont. 37 ; Chit. Cont. [10 Am. ed.] 547 ; 2 Pars. Cont. 4 ; 1 Pars. Bills, 244 ; Davis vs. Statts, 43 Ind. 103.

*C. C. Bland,* for Defendants in Error, cited : Tuttle vs. Hoag, 46 Mo. 38 ; Coughlin vs. Ryan, 43 Mo. 99 ; Coats vs. Robinson, 10 Mo. 757 ; 23 Mo. 457 ; 46 Mo. 114 ; 46 Mo. 532 ; 32 Mo. 252 ; Miller vs. Brown, 47 Mo. 504 ; Lincoln vs. Rowe, 57 Mo. 571 ; Abbott's N. Y. Dig., vol. 3, p. 313 ; vol. 6, pp. 303, 304.

NORTON, Judge, delivered the opinion of the court.

This was a suit brought in the circuit court of Phelps county, founded upon a contract entered into by defendant, Emma Maxwell, with plaintiff, and a bond executed by defendants, Emma

Maxwell, as principal, and Thomas Maxwell and James G. Bradish, as securities. The petition alleges that plaintiff, under the terms of the contract, was to furnish defendant, Emma Maxwell, sewing machines at St. Louis, at a discount of 25 per cent. from the retail price of such machines, and also accessories and findings, at wholesale prices, for which settlements were to be made by note at four months after date of each invoice ; that defendant agreed to sell said machines, keeping for that purpose a proper place in the town of Rolla, and to sell only the machines manufactured and furnished by plaintiff, and to settle and pay for all purchases made of plaintiff according to the tenor and conditions of the agreement. It is also alleged, that for the purpose of securing plaintiff in the sale of said machines, the defendant, Emma Maxwell, as principal, and defendants, Maxwell and Bradish, as sureties, executed a bond to plaintiff in the sum of $1,000, with the condition that it was to be void only on the performance, by the said Emma Maxwell, of all the stipulations of the said agreement by her to be performed according to the true meaning thereof.

It is further alleged that plaintiff, in the months of October, November and December, furnished sewing machines to defendant, Emma Maxwell, and that she executed three promissory notes to plaintiff in the aggregate sum of $364.43, which she had failed to pay.

Separate answers were filed by Emma Maxwell and her husband, Thomas Maxwell, in which the execution of the agreement and bond were admitted, and set up the coverture of Mrs. Maxwell, at the time of their execution, as a bar ; and further, that the notes mentioned in the petition were taken by plaintiff in discharge of the bond.

Defendant Bradish also filed a separate answer, setting up substantially the same defense.

Plaintiff filed a replication to both answers, alleging that, at the time of the execution of the contract and bond, Mrs. Maxwell was conducting business as a sole trader upon her own account, and that her husband had no control over it or connection therewith.

On the trial plaintiff offered evidence tending to establish all the facts alleged in his petition and replications to the answers of defendants. There was no evidence offered by the defendants. The court, sitting as a jury, found a verdict for defendants, and rendered judgment in their favor, to reverse which plaintiff brings the case here by writ of error.

The court, against the objection of plaintiff, gave the following instruction for defendants :

" The court declares the law to be, that upon the pleadings defendants are entitled to a judgment for costs, in that it is admitted that defendant, Emma Maxwell, is a married woman ; that a judgment at law cannot be rendered against the said Emma Maxwell, it being admitted that she is a married woman ; that the bond read in evidence is a nullity, in that it is signed by Emma Maxwell, principal."

The proposition stated by the court, that Emma Maxwell having executed the bond while she was a *femme covert*, it was not enforcible at law against her, was correct. As to her, it was unquestionably void at law, and if the instruction had gone no farther than this, the action of the court below would not be disturbed. The instruction, however, further declares that the sureties are also discharged by reason of the discharge of Mrs. Maxwell. This by no means follows. While the general rule is, that the extent of the liability of the surety is measured by that of the principal, it is not of universal application, and exceptions to it may arise when the matter of defense, pleaded by the principal, is wholly of a personal character, as coverture or infancy.

The coverture of the principal at the time a note or bond is given, may be interposed as a bar to a recovery against her, but it alone cannot effect the discharge of the surety; the surety, in such case, standing in a certain sense as a principal promissor.

In the case of Smiley vs. Head (2 Rich. [S. C.] 590), it is decided that, while a note executed by a *femme covert* is void at law as to her, the sureties thereto are bound, and it is enforcible against them. It has also been decided, in a large number of the States, that it is no defense on the part of a surety to a note or bond, that the principal at the time of its execution was

a married woman. (Foxworth vs. Bullock, 44 Miss. 457 ; Still-well vs. Bertrand, 22 Ark. 375 ; Davis vs. Statts, 43 Ind. 103 ; Jones vs. Crosthwaite, 17 Iowa, 395 ; Kimball vs. Newell, 7 Hill, 116.)

The plaintiff presented several instructions, which were refused, and which asked the court, substantially, to declare that, although a judgment at law could not be rendered against the defendant, Emma Maxwell, because she was a *femme covert* at the time of signing the bond ; yet, if defendant Bradish signed the same as her surety, the plaintiff was entitled to recover as against him. The instructions, asserting the above principle, should have been given, and the court in refusing them committed error, justifying a reversal of the judgment.

Judgment reversed and cause remanded, in which the other judges concur, except Judge Wagner, who is absent.