GARDNER ET AL. V. BARNETT.

1. MARRIED WOMAN: *Coverture, no defense for her sureties.*
   The defense of coverture is personal to a married woman, and can not be pleaded by her sureties. A surety for one who is incapable of contracting, is bound, although the principal is not.

2. PROMISSORY NOTES: *Conventional interest: Construction.*

 A promissory note payable at a future day, and bearing over six per cent. interest from *date*, without saying "until paid," will bear only six per cent. after maturity.

APPEAL from *Bradley* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

*Jones*, for appellant.

*Dodge & Johnson, contra.*

ENGLISH, C. J. John R. Barnett brought this action in the circuit court of Bradley county, against Solomon Gardner and Joseph Richey, on two joint and several promissory notes, executed to him on the thirteenth of May, 1875, by Mary M. Gardner (not sued) and the defendants.

At the return term, defendants filed a motion, stating that the notes sued on were executed by them jointly with Mary M. Gardner, for the purchase-money of certain lands described therein; that she was jointly interested with them in the subject-matter of the suit, and, in fact, the principal in the notes, and praying for an order to make her a party defendant. The court ordered her to be made a defendant. The complaint was amended, and a summons was issued to her, which was served, but she made no defense to the action.

In the amended complaint, it was alleged that Mary M. Gardner (a married woman and wife of John Gardner), together with Solomon Gardner and Joseph Richey, executed the notes sued on, which were described, and made exhibits; and that they were executed to plaintiff for the purchase-money of lands sold by him to defendants (which are described in the notes), and that before suit plaintiff made and tendered to defendants a good and sufficient deed,

conveying to them the lands, and demanded payment of the notes, which was refused.

The defendants, Solomon Gardner and Joseph Richey, filed an answer, divided into seven paragraphs, in substance as follows:

1. They admit that Mary M. Gardner is a married woman, and wife of John Gardner, and that they, with her, executed to plaintiff the two notes sued on, and that no part of the principal or interest thereof has been paid, and that the consideration of the notes was the purchase-money of the lands described in the complaint.

2. They admit that prior to the institution of the suit, plaintiff made and tendered to defendants a deed for the lands, and demanded the purchase-money, as alleged in the complaint.

3. They allege that at the time of the sale of the lands, Mary M. Gardner, the purchaser, was a married woman and wife of John Gardner; that she was the sole and only purchaser, and that said lands were purchased for her sole and separate use and benefit, and not otherwise.

4. That the defendants answering were only the sureties of Mary M. Gardner on the notes, and had no interest whatever in the purchase of said lands.

5. That they are informed, and believe, that the sale of said lands was illegal, and the purchase thereof by Mary M. Gardner absolutely null and void, because she was a married woman at the time of the sale and purchase.

6. That these defendants, being the securities only of said Mary M. Gardner to said illegal and void contract, they can not be bound thereby, and did not incur any liability, legally or otherwise, to pay or to discharge said contract for the sale and purchase-money of said lands.

7. They demur to the complaint, because it does not set

forth sufficient facts to constitute a cause of action against these defendants.

Plaintiff demurred to the third, fourth, fifth and sixth paragraphs of the answer.

The court overruled the demurrer to the complaint, and sustained the plaintiff's demurrer to the paragraphs of the answer as above indicated.

The defendants, answering, rested, and final judgment was rendered against Mrs. Gardner and them, and they appealed, but she did not.

It appears, from the face of the notes, that the lands for which they were given, belonged to the estate of Bryan Gardner, and were sold for distribution, by appellee, as commissioner, under the order of the probate court of Bradley county, and lien reserved to secure the payment of the purchase-money.

I. Mrs. Gardner neither demurred to the complaint, which declared her coverture, nor pleaded it, nor appealed from the judgment against her on the notes. The defense of coverture was personal to herself, and had she pleaded it, though she would have been discharged, not being legally liable upon the notes, it would not have discharged her co-defendants, who were under no such disability. *Ferguson et al. v. The State Bank, 11 Ark., 514.*

1. MARRIED WOMAN: Her coverture no defense for her sureties.

The defense of coverture, being personal to her, could not be pleaded by them.

Where a party becomes the surety of a married woman, an infant, or other person incapable of contracting, he is bound, although the principal is not. The disability of the principal may be the very reason why the surety was required. *Brant. on Suretyship and Guaranty, sec. 128.*

II. But there is an error, to the prejudice of appellants, on the face of the judgment.

2. PROMIS-
SORY NOTES
Interest:
Construc-
tion of note

Both notes were dated the thirteenth of May, 1875, and were for $374.25 each. One was payable on the first day of January, 1876, with interest at 10 per cent. *from date;* the other was payable on the first day of January, 1877, with a like rate of interest *from date*, the words *until paid* being omitted in both notes.

According to the construction heretofore placed upon notes so worded, by this court, the makers contracted to pay interest at 10 per cent. from the date to the maturity of the notes, but not after; and, hence, after maturity the notes would bear 6 per cent., the legal rate of interest. *Newton v. Kennerley, 31 Ark., 626*; *Pettigrew v. Summers, 32 ib., 571; Woodruff v. Webb, ib., 612.*

The judgment was rendered the nineteenth of March, 1879, and, by mistake of the clerk, included but one of the notes. Afterwards, on notice, etc., the mistake was corrected by *nunc pro tunc* entry, as follows:

"It is, therefore, by the court considered, ordered and adjudged now, for them, that plaintiff, John R. Barnett, now, as of the nineteenth day of March, A. D. 1879, have and recover of the defendants, Mary M. Gardner, Solomon Gardner and Joseph Richey, the sum of ten hundred and thirty-five dollars and forty-two cents ($1,035.42), and interest thereon at the rate of 10 per cent. per annum from said nineteenth day of March, 1879, together with costs, etc., and have execution therefor."

Interest was calculated on the notes at 10 per cent. from the time of their execution to the date of the judgment, and it made to bear like interest, when interest should have been counted on each note from its date to maturity, at 10 per cent., and after that at 6 per cent. to the date of the judgment, which should have been made to bear the legal rate of interest also.

As to Mrs. Gardner, who did not appeal, the judgment

must stand as entered. As to appellants, it must be modified, and the proper judgment entered here against them, at the cost of appellee, and certified to the court below for execution. *Badgett v. Jordan, 32 Ark., 154.*