# Richmond.

## KYGER v. SIPE, TRUSTEE.

December 15th, 1892.

1. INFANT PRINCIPAL.—*Adult surety—Disaffirmance.*—If principal in an obligation is not liable by reason of a purely personal defense, in the nature of a privilege or protection, as infancy or coverture, then the surety is not released, but the contract subsists as against him in full force.
2. TRUST DEED—*Extra seal.*—The validity of a trust deed is not affected by having on it an extra seal.
3. IDEM—*Sale.*—In suit to enforce trust deed the value of the rents and profits of the land is immaterial, as the deed is not a judgment within the meaning of Code, § 3571.

Appeal from decree of circuit court of Rockingham county, rendered at October term, 1890, in the cause wherein George E. Sipe, trustee, was complainant, and Martha A. Kyger and others were defendants. The decree being for the complainant, Martha A. Kyger appealed to this court. The case is as follows :

On the 23d of December, 1883, T. A. Carrickhoff and E. J. Carrickhoff purchased of J. A. S. Kyger and Joseph H. Argabright an engine and saw-mill, for which six bonds were executed, aggregating the sum of $1,115. Of these bonds two were made payable to Kyger; the others to Argabright. They all purport to have been executed by T. A. Carrickhoff, " E. J. Carrickhoff, by J. H. Carrickhoff," Martha A. Kyger, and Virginia R. Carrickhoff, the last two signing as sureties.

On the same day a deed of trust was executed on the property, to secure the payment of *the whole* of the purchase-money, and, as a further security, the said Martha A. Kyger

united in the deed conveying a tract of land, situate in Rockingham county, to secure the payment of so much of the purchase-money as was represented by *three* of the bonds above mentioned, aggregating $665, one of which was payable to Kyger, the other two to Argabright. The deed of trust was signed by the same parties who signed the bonds, with the exception of Virginia R. Carrickhoff. At the time of the execution of these instruments E. J. Carrickhoff was an infant, and Virginia R. Carrickhoff was a married woman.

All the bonds were subsequently, and before the institution of this suit, assigned, for valuable consideration, to other parties.

The bill was filed by Sipe, trustee in the deed of trust, alleging a number of reasons why the trust should be executed under the supervision of a court of chancery; and the bill contains a prayer to that effect, all necessary parties being made defendants.

Mrs. Virginia R. Carrickhoff, one of the defendants, answered, setting up coverture as a defense, and the suit, as to her, was dismissed. E. J. Carrickhoff, who attained full age after the institution of the suit, pleaded infancy; and Martha A. Kyger, the sole appellant here, insisted in her answer that neither the bonds nor the deed of trust were binding on her, because, as she averred, she had executed the same with the understanding that both E. J. Carrickhoff and Virginia R. Carrickhoff were to be jointly bound—the former as principal, and the latter as a co-surety—and that neither were bound, for the reasons stated in their answers, respectively.

In his answer, E. J. Carrickhoff stated that " the said contract was prejudicial to his interests, and that he desired to be relieved of the same," and offered to " surrender any and all interest in the property," meaning the saw-mill and engine.

Under a decree of the court the mill and engine were after-

wards sold, but the proceeds of sale were not sufficient to pay the bonds not secured on the appellant's real estate. The land was accordingly decreed to be sold, unless, within a given time, the bonds secured thereon, and three-fifths of the costs of the suit, should be paid ; and this is the decree complained of.

*John E. Roller*, for appellant.

*Strayer & Liggett* and *Sipe & Harris*, for appellees.

LEWIS, P., (after stating the facts,) delivered the opinion of the court.

It is not necessary in the present case to consider what contracts of an infant are voidable, nor what is a sufficient ratification or disaffirmance of such contracts. The subject was considered in *Mustard* v. *Wohlford*, 15 Gratt. 329, and we need only refer to what was there said.

The principal question here is as to the effect upon the appellant's liability of the disaffirmance by E. J. Carrickhoff, who, at the date of the transactions in question, was an infant. Her contention is that that disaffirmance rendered those transactions, including the deed of trust, void *ab initio*, not only as to him, but as to her, as his surety. In support of this view, counsel refer to the language of Judge Moncure in *Mustard* v. *Wohlford*, who said that, when a voidable contract of an infant is disaffirmed, "it is made void *ab initio* by relation, and the parties revert to the same situation as if the contract had not been made."

But this was not said in a case in which an infant was jointly bound with an adult. In such a case the liability of the latter is not affected by the plea of infancy, as is shown by the case of *Wamsley* v. *Lindenberger & Co.*, 2 Rand. 478, and a multitude of cases which might be cited to the same

effect ; and the same rule applies where, in an action on a joint contract, coverture is pleaded ; in either case the defense being of a purely personal character.

It is contended, however, that it is otherwise in the case of a surety ; and the general rule is invoked that where there is no principal there can be no surety. But to this rule there are exceptions, one of which is that if the principal is not liable by reason of a purely personal defense, in the nature of a privilege or protection, as infancy or coverture, then the surety is not released, but the contract subsists as against him in full force. In such a case the disability of the principal may be the very reason why the surety was required and consented to become bound. Brandt, Sur., sec. 128 ; *St. Albans Bank* v. *Dillon*, 30 Vt. 122 ; *Weed Sewing-Machine Co.* v. *Maxwell*, 63 Mo. 486 ; *Davis* v. *Statts*, 43 Ind. 103 ; 73 Am. Dec. 297, *et seq.*

And if this be so where an infant is the only principal, *a fortiori* is it so where, as in the present case, there are two principals, one of whom is an adult. Nor does it matter that the bonds and deed of trust in the present case were signed for the infant by a person not authorized to do so ; for, had he himself signed them, his right to disaffirm the contract, after attaining full age, would have been just the same. It is conceded that he was a joint purchaser of the saw-mill and engine, and that he promised to pay therefor, independently of the bonds; nor does the deed of trust in terms mention the bonds, and the suit is not upon the bonds, but to enforce the deed of trust, and the property conveyed in which he had an interest has been surrendered.

The case of *Baker* v. *Kennett*, 54 Mo. 82, is relied on, but does not sustain the position for which it has been cited. In that case an infant purchased land, and gave his note, with sureties, for the purchase-money. On coming of age he disaffirmed the contract, and surrendered the premises, which he

had improved, to the vendor. In an action on the note it was held that there could be no recovery against the sureties, not, however, because the principal was not bound, but because, when the plaintiff got back the land, the consideration for the note was extinguished. The court, so far from impugning the principle just stated, took occasion to affirm it, remarking that it was "undoubtedly correct that infancy does not protect the endorsers or sureties of an infant, or those who have jointly entered into his voidable undertakings," and that the cases in which this principle had been decided were clearly distinguishable from the case then before the court.

In the present case there was no disaffirmance before the institution of the suit, and, although the personal property has been surrendered, the consideration for the deed of trust has not been extinguished.

The further objection, founded on the fact that there is an extra seal to the deed, (which, it is contended, shows that some one else was expected to sign it,) is without merit. None but those whose names are signed to the deed had an interest in the property conveyed, and we are unable, therefore, to see why any one else should have been expected to sign it. Besides, there is no evidence of a conditional delivery, and, in the absence of such evidence, the presumption is that the deed was duly delivered as the deed of those whose names are signed to it. *Ward* v. *Churn*, 18 Gratt. 801 ; *Miller* v. *Fletcher*, 27 Id. 403.

As to the remaining assignments of error little need be said. It is contended that it ought to have been ascertained, before ordering the land to be sold, whether or not the rents and profits thereof would pay the liens in five years. But this was not necessary. The object of the suit is, not to subject the land to the satisfaction of judgment liens, but to enforce a deed of trust ; so that the case is not within the statute, now carried into section 3571 of the Code, upon which the appellant seems to rely.

512 KYGER v. SIPE, TRUSTEE.

Nor did the circuit court err in directing the proceeds of the sale of the mill and engine to be applied to the payment of the bonds not secured on the land. The decree in this particular is in conformity with the established rule in regard to the marshaling of securities in such cases. 3 Pom. Eq., sec. 1414; *Hudson* v. *Dismukes*, 77 Va. 242.

DECREE AFFIRMED.