JOHN WINN *vs.* FREDERICK C. SANFORD.

Nantucket.    Oct. 25. — Nov. 23, 1887.    C. ALLEN & KNOWLTON, JJ.,
                                           absent.

The surety on a joint and several bond, executed to a husband by his wife as principal, cannot avail himself, in defence to an action against him upon the bond, of the incapacity of the principal to contract with her husband.

CONTRACT against the surety upon the following bond, executed by Susan B. Winn as principal, and by the defendant as surety :

" Know all men by these presents, that we, Susan B. Winn, wife of John Winn, of Nantucket, as principal, and Frederick C. Sanford, of Nantucket, as surety, are holden and stand firmly bound unto John Winn, of Nantucket, above named, in the sum of three hundred dollars, to the payment of which to the said

John Winn, or his executors, administrators, or assigns, we hereby jointly and severally bind ourselves, our heirs, executors, and administrators. The condition of this obligation is such, that whereas, in a settlement of differences between said John Winn and Susan B. Winn, it was agreed by said Susan B. Winn, and on her behalf, that she should give to said John Winn a bond, with surety, ' to release dower whenever requested, and make no further claim on said John Winn for any support or for any cause whatever.' Now therefore, if said Susan B. Winn shall, whenever requested, sign release of dower in any real estate of said John Winn, and shall make no further claim upon him for any support or for any cause whatever, then this obligation shall be void; otherwise it shall be and remain in full force and virtue."

Trial in the Superior Court, without a jury, before *Thompson*, J., who ruled, as matter of law, " that the bond sued on cannot be made the basis of any legal claim against the defendant; that, Mrs. Winn not being liable to her husband under it, the defendant is not liable; " and found for the defendant. The plaintiff alleged exceptions.

*J. Brown*, for the plaintiff.

*L. L. Holmes*, for the defendant.

DEVENS, J. It is true, as a general proposition, that the liability of a guarantor or of a surety is limited by that of his principal. But to this there are certain exceptions. Thus, where the principal is excused from liability for reasons personal to himself, and which do not affect the debt he has incurred or the promise he has made, the surety would not be entitled to the benefit of this excuse. In such case, he is, in a certain sense, an independent promisor, and must perform his promise.

In *Maggs* v. *Ames*, 4 Bing. 470, the defendant had guaranteed the purchases made by a married woman incapable of making a contract; the question in the case was whether this guaranty should have been in writing; but it is assumed throughout, by court and counsel, that, if it had been in writing, the defendant would have been liable, although there could have been no liability on the part of the principal.

In a similar manner, where one becomes a surety for the performance of a promise made by a person incompetent to

contract, his contract is not purely accessorial, nor is his liability necessarily ascertained by determining whether the principal can be made liable. Fraud, deceit in inducing the principal to make his promise, or illegality thereof, all of which would release the principal, would release the surety, as these affect the character of the debt; but incapacity of the principal party promising to make a legal contract, if understood by the parties, is the very defence on the part of the principal against which the surety assures the promisee. *Yale* v. *Wheelock,* 109 Mass. 502.

The bond in the case at bar is several, as well as joint. It appears from it that Mrs. Winn is the wife of the obligee, and it recites the agreement made between them. This agreement made by her is void, so far as the case now discloses, solely because of her incapacity to contract; but this should not release the defendant from his engagement that she should perform the promise made by her. The defence which Mrs. Winn personally has, resulting from her situation, should not be open to him.

Nor do we perceive that any distinction can be made, as suggested by the defendant, between the promise of a married woman, which is void, and that of a minor, which is voidable. In either case, the surety assures the promisee against the incapacity of the principal to make a legal contract, whether it be more or less complete.

The cases in which it has been held that the coverture of the principal promisor at the time of making her promise will not discharge the surety, when such coverture was known to him, are numerous, and have arisen on many descriptions of contract. *Smyley* v. *Head,* 2 Rich. (S. Car.) 590. *Kimball* v. *Newell,* 7 Hill, 116. *Nabb* v. *Koontz,* 17 Md. 283. *Jones* v. *Crosthwaite,* 17 Iowa, 393. *Weed Sewing Machine Co.* v. *Maxwell,* 63 Mo. 486. *St. Albans Bank* v. *Dillon,* 30 Vt. 122. *Davis* v. *Statts,* 43 Ind. 103. *Stillwell* v. *Bertrand,* 22 Ark. 375.

*Exceptions sustained.*