J. HENRY EDMUNDS, PLAINTIFF IN ERROR, v. JOHN H. ROSE, DEFENDANT IN ERROR.

An accommodation endorser of the promissory note of a married woman cannot avail himself of any defence arising from her coverture.   By his endorsement he has guaranteed that the maker of the note was competent to contract in the manner in which by the paper she purported to contract.

On error to Cape May Circuit.

For the plaintiff in error, *H. W. Edmunds.*

For the defendant in error, *J. M. E. Hildreth.*

The opinion of the court was delivered by

GARRISON, J.   This was an action brought in the Circuit Court by John H. Rose against J. Henry Edmunds, upon a promissory note, of which the following is a copy:

"$100.                CAPE MAY CITY, Sept. 6th, 1886.

" Three months after date I promise to pay to the order of J. Henry Edmunds one hundred dollars, at Third National Bank, Philadelphia, without defalcation.   Value received.
                    (Signed)        "ALLIE G. BENNETT.
[Endorsed] : "J. HENRY EDMUNDS, JOHN H. ROSE, Commercial Ice Company, GEORGE A. SCHARP, Treasurer."

At the time of the making of this note Allie G. Bennett was a married woman.  The defence was, that her signature imported no contract, and that the defendant incurred by his secondary obligation no greater liability than his principal.

This defence is predicated upon the assumption that the note was signed in Pennsylvania, where, in absence of proof to the contrary, the common law disability of married women will be presumed to exist.   Such an assumption of fact is, however, without warrant.   The testimony discloses nothing to show that the note was not signed and delivered at the place where it is dated, to wit, Cape May City.

The court before whom the case was tried (a jury having been waived) does not find as a fact that the note was signed in Pennsylvania.   In his opinion, which deals correctly with all parts of the case, that circumstance is assumed for the purpose of disposing of the legal question which such a state of affairs would present.

The note, if made in New Jersey, will be governed·by our statute, under which the maker and endorser are severally liable.

If, however, we regard the case as one in which the contract of the principal is open to the defence of coverture, that circumstance will not enure to the benefit of the endorser. Such a defence is not open to him. The defendant, by his endorsement of the note, impliedly guaranteed that the maker was competent to contract in the manner in which by the terms of the paper she purported to contract. *Wagoner* v. *Watts,* 15 *Vroom* 126 ; *Kimball* v. *Newell,* 7 *Hill* 116 ; *Putnam* v. *Schuyler,* 4 *Hun* 166 ; *Penfield* v. *Goodrich,* 10 *Id.* 43 ; *Erwin* v. *Downs,* 15 *N. Y.* 575 ; *Remsen* v. *Graves,* 41 *Id.* 471 ; *Davis* v. *State,* 43 *Ind.* 103.

The judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, SMITH, WHITAKER.   14.

*For reversal*—None.