THE KEOKUK COUNTY STATE BANK v. EUNICE HALL,
Appellant.

**Principal and Agent:** INFANTS. A surety upon the promissory note of a minor is not liable thereon where the minor upon attaining majority disaffirmed the contract and returned the property for the purchase price of which the note was given.

**Bills and Notes:** BONA FIDE HOLDER. A bank is not a *bona fide* holder of a note which it received as further security for a pre-existing debt without giving any new consideration or incurring any additional responsibility.

*Appeal from Keokuk District Court.*—HON. D. RYAN, Judge.

SATURDAY, OCTOBER 22, 1898.

THIS action is founded upon a promissory note. The answer, with its several amendments, sets up defenses, the substance of which may be thus stated: Defendant signed the note in suit, together with one A. L. Hill, who was at the time a minor. Defendant was a surety only, although her name appears as a joint maker. The note was given to the firm of Skinner Bros., as part of the price of a livery stock purchased from said firm by Hill. It is further averred that Hill was induced to make such purchase by the fraudulent representations and concealments of said Skinner Bros.; that there was a failure of consideration; that, upon attaining his majority, Hill disaffirmed the contract; and that plaintiff is not a *bona fide* holder of said note. After the testimony was all in, under the direction of the court, the jury returned a verdict for plaintiff. From the judgment rendered thereon defendant appeals.—*Reversed.*

*C. M. Brown* and *Woodin & Son* for appellant.

*A. G. Schulte* and *J. P. Talley* for appellee.

WATERMAN, J.—The note was transferred to the plaintiff by the following endorsement: "This note is hereby assigned to S. W. Brunt, cashier, as collateral security on our note or notes, and we hereby waive demand, notice, protest, and all legal formalities of every kind. Skinner Bros." Brunt was cashier of plaintiff bank, and it claims to own the note under this indorsement, and the claim is not disputed. It does not appear that any new consideration was given by the bank or any additional responsibility incurred. So far as shown, it took the note as further security only, for a pre-existing debt of Skinner Bros. Under these circumstances, it is not a *bona fide* holder. *Trustees v. Hill,* 12 Iowa, 462; *Ryan v. Chew,* 13 Iowa, 589; *Ruddick*

*v. Lloyd,* 15 Iowa, 441; *Bank v. Barber,* 56 Iowa, 559; *Bone v. Tharp,* 63 Iowa, 223.

II.   On the trial Hill was a witness for defendant, and was asked this question: "State whether or not, upon your arriving at majority, about the 1st of February, 1896, you rescinded the contract entered into on the 9th day of September, 1895, and delivered back to Skinner Bros. all the property that you received or had in your possession when you arrived at the age of majority." This was objected to by plaintiff as immaterial, and the objection was sustained. Two other questions, relating to the disaffirmance of the contract by Hill, were objected to on like grounds, and the objections sustained.   These rulings were duly excepted to, and error is assigned on the court's refusal to admit the evidence, which the questions indicate was called for.   It is alleged in the answer, as we have already said, that Hill, on attaining his majority, disaffirmed the contract, and returned the property purchased to Skinner Bros., who received and kept the same.   The general rule is that where a party becomes surety for an infant he is bound, though his principal is not.   *Jones v. Crossthwaite,* 17 Iowa, 393; *Allen v. Berryhill,* 27 Iowa, 534; 1 Brandt Suretyship, section 153.   But to this as to most other rules there are exceptions.   When the principal disaffirms the contract, and returns the consideration received under it, the surety is thereby discharged.   1 Brandt Suretyship, section 153; *Baker v. Kennett,* 54 Mo., 82; *Patterson v. Cave,* 61 Mo. 439.   In the first of these cases an infant purchased real estate, and gave his promissory note, with sureties thereon, for the price.   On reaching his majority, the infant disaffirmed the contract, and restored the real estate to the vendor.   The court says: "It would be a strange doctrine which would give him [the creditor] back his land, and permit him to recover from the sureties the purchase money also."   If Hill did in fact disaffirm the contract, and return the property received thereunder to Skinner Bros., it would be a complete defense for the surety, and we think the court erred in refusing to receive the offered evidence.

III.  Another question that seems, at first sight, to be in issue under the pleadings, is as to the right of a surety to plead that the contract of his principal was procured by fraud. The authorities are in conflict on this subject.  Many courts hold that such a plea is personal to the principal, while others sustain the right of the surety to maintain such defense.  See 1 Brandt Suretyship, section 12, and *Griffith v. Sitgreaves,* 90 Pa. St. 161, where the cases are collected and criticised. Upon a careful examination, the matter suggested will appear to be not involved here.  If this were a case where the infant retained the property purchased, and the plea of fraud was set up in abatement of the price, such question would have to be passed upon.  That, however, is not the situation presented in the controversy before us.  The fraud is alleged here only as a ground warranting the disaffirmance of the contract by the principal.  An infant needs no such reason to sustain a disaffirmance by him of his contract and the infancy of Hill is not questioned.

IV.  Some other matters are discussed by counsel for appellant, but they are not of such a character as to lead us to believe they will again arise.  For the errors mentioned the judgment will be REVERSED.