[No. 1591, December 5, 1913.]

# S. S. EVANTS, Appellee, v. A. L. TAYLOR, Appellant.

## SYLLABUS (BY THE COURT)

1. The surety on the note of a minor, given in payment for real estate, is discharged from liability thereon, where the minor on becoming of age, disaffirms the contract and restores the property purchased.

P. 375

2. Where an infant purchased real estate, and upon coming of age, disaffirms the sale, he must in order to make the disaffirmance effectual restore the property, if he has title to it, to his vendor, and in such case the duty to restore becomes a right to restore, which the vendor may not defeat by refusing to take back the property.

P. 376

3. A defective allegation in a pleading can only be raised by a demurrer distinctly specifying the defect as a ground of objection. Sub-sec. 36, sec. 2685, C. L. 1897.

P. 377

Appeal from the District Court of Eddy County; John T. McClure, District Judge; reversed and remanded.

J. B. ATKESON, Artesia, N. M., for appellant.

Court erred in sustaining plaintiff's motion for judgment on the pleadings. Laws 1907, ch. 107, sec. 3 of subsec. 308; amending sub-sec. 62 of sec. 2685, C. L. 1897.

Amendments to pleadings should be liberally allowed in the furtherance of justice. Snider v. Winslow, 93 Pac. 600; Kindall v. Lincoln Hardware & Implement Co., 76 Pac. 992.

Where the pleadings raise a material question of fact which must be determined before a judgment can be rendered, a motion for judgment on the pleadings should be denied. Thomas v. Ray, 110 Pac. 48; Idaho Pac. Min. Co. v. Green, 94 Pac. 161; Pac. Mill. Co. v. Inman Paulson & Co., 90 Pac. 1099; Town of Mapleton v. Kelley,

·117 Pac. 52; Miles v. McCallan, 3 Pac. 610; Johnson v. Manning, 29 Pac. 101.

The acceptor of any bill of exchange or any other principal obligor in any contract, may be sued either alone or jointly with any other party who may be liable thereon. Rev. Stats. of Texas, (1911) art. 1842, p. 413.

When an amended answer is filed, after having leave of the court to do so, a motion to strike it out should be denied. Sears v. Dunbar, 91 Pac. 145; Clemens v. Hanley, 41 Pac. 658.

It is error to strike out an amended answer which constitutes a good defense. Hozey v. Buchanan, 16 Pet. 215, 10 L. Ed. 941; Mandelbaum v, Nevada, 8 Wall. 314, 19 L. E. 480; Pastene v. Pardini, 67 Pac. 681; Brainard v. Buck, 184 U. S. 104, 45 L. Ed. 453; Hardin v. Boyd, 113 U. S. 756, 28 L. Ed. 1141; Jones v. Van Doren, 130 U. S. 684, 32 L. Ed. 1077; Kirby v. Muench, 82 N. W. 93; Berry v. Hull, 30 Pac. 936; Ratliff v. Summers, 46 S. E. 712; Gregg v. Groebeck, 40 Pac. 202; Idaho Pac. Min. Co. v. Green, 94 Pac. 161; Tom Boy Min. Co. v. Green, 53 Pac. 845.

The court should liberally exercise its discretion in allowing amendments, so that the cause may be decided on its merits. Green v. Gavin, 105 Pac. 761; Rude v. Levy, 96 Pac. 560; Richner v. Plateau Live Stock Co., 98 Pac. 178; Trover v. City of San Francisco, 109 Pac. 617; Dunbar v. Griffiths, 93 Pac. 654; Brown v. Lutin, ·64 Pac. 674.

Court erred in rendering judgment against this defendant because it appeared from the pleadings in the case that defendant was only a surety for the minor defendant. Benjamin on Contracts, sec. 32, p. 133; Ogden Neg. Instruments, sec. 132; Joyce's Defenses to Com. Paper, sec. 63; Armijo v. Neher, 11 N. M. 643.

Defenses of a minor, who executed a contract, will avail sureties where the undertaking of the sureties goes to the whole consideration. Joyce's Defenses to Com. Paper, sec. 68, p. 83; Baker v. Kennett, 54 Mo. 82; Patterson v. Cave, 61 Mo. 439.

Evants v. Taylor, 18 N. M. 371.

General rule is that the law of the place where the
contract is entered into governs, unless intent of the par-
ties is evident from the instrument.   9 Cyc., sec. 3, p. 582.

If one of the defendant parties is a surety upon the
contract he may have the question of suretyship deter-
mined by setting up such fact in his answer.   Rev. Stats.
of Texas, 1911, art. 6331, p. 1354; Cruger v. Moore, 8 Tex.
69; Wiley v. Pinson, 23 Tex. 488; Mitchell v. DeWitt, 25
Tex. Sup. 180; Stroop v. McKenzie, 38 Tex. 133.

Where an infant maker of a note disaffirms the contract
upon reaching majority and surrenders the consideration
therefor, the surety is discharged.   Childs on Suretyship,
p. 236; Keokuk Co. St. Bank v. Hall, 76 N. W. 832;
Baker v. Kennett, 54 Mo. 82; Joyce's Defenses to Com.
Paper, sec. 68, p. 83; Patterson v. Cave, 61 Mo. 439;
Stearns on Suretyship, sec. 104, p. 149.

J. H. JACKSON, Artesia, N. M., for appellee.

Court did not render judgment on the pleadings, but
entered a default judgment.   No abuse of discretion.
Laws 1907, ch. 107, sec. 3, sub-sec. 308.

Art. 1842, Rev. Stats. of Texas, has never been pleaded.

Must set out a statute in haec verba or set out the sub-
stance of it with such distinctness as to enable the Court
to judge of its effect.   20 E. & E. Enc. Pl. & Pr., 598;
Hemstead v. Reed, 6 Conn. 490; Brackett v. Norton, 4
Conn. 517; Swank v. Hufnagle, 111 Ind. 453; Mendenhall
v. Gately, 18 Ind. 149; Tyler v. Kent, 52 Ind. 583; Milli-
gan v. State, 86 Ind. 553; Wilson v. Clark, 11 Ind. 385;
36 Cyc. 1242.

Question of suretyship not material to the issues of this
case.   Presumption is that the law of Texas is identical
with our own, and that presumption continues until a dif-
ferent substantive law of Texas is pleaded and proven.
9 Enc. Pl. & Pr., 542; Peck v. Noee, 97 Pac. 865; Brackett
v. Sonnemann, 106 Pac. 715; Long v. Dufor, 113 Pac. 58;
H. S. Banking Co. v. Veale, 114 Pac. 229; M. K. T. Ry.
Co. v. McLaughlin, 116 Pac. 811; State v. Collins, 124

Pac. 903; 35 Cyc. 1240; Sayles Texas Stats., art. 3813,
3815; Laws 1907, sec. 119, p. 181, (N. M.)

Law of 1907 went into effect before the execution of the
notes, in this case.    Negotiable Instrument law of New
Mexico, laws 1907, ch. 83; Cellers v. Meachem, 89 Pac.
426; Wolstenholme v. Smith, 97 Pac. 329; Vanderford v.
Farmers & Mechanics Nat. Bank, 10 L. R. A. (N. S.)
129; Richards v. Market Exchange Bank Co., (Ohio) —,
N. E. 1000.

Obligation of this surety not annulled even though
minor maker did avoid the contract.    Am. & E. Enc. L.,
vol. 27, p. 467; St. Albans Bank v. Dillon, 73 Am. Dec.
295, and note on Infancy; Smyley v. Head, 2 Rich. 591;
Maledon v. Lefore, 36 S. W. 1102; Conn v. Coburn, 7 N.
H. 386; Hicks v. Randolph, 59 Tenn. 352; Winn v. San-
ford, 145 Mass. 302.


## STATEMENT OF FACTS.

This action was brought by S. S. Evants on two promis-
sory notes, dated October 26, 1908, executed at Hereford,
Texas, payable to the order of Evants and signed by W.
O. and A. L. Taylor, in the order named.    Each note re-
cites that it is given as part payment on a certain described
property in the Town of Hereford, Texas, a vendor's lien
being retained to secure the notes.  W. O. Taylor, ap-
peared by his guardian, ad litem, J. C. Davis, and an-
swered that at the time he signed the notes he was a
minor about the age of eighteen years and that the notes
were given in consideration of a deed from plaintiff to
him for the real estate described in the notes, which deed
is attached to and made a part of his answer, and further
says "this defendant specially tenders back to plaintiff a
deed to said property which this defendant is filing in this
case as a tender to plaintiff, tendering back to plaintiff all
that was received on account of signing said notes.    And
this defendant offers to do all things which the Court may
find to be proper and just for him to do in order to ef-
fect a disaffirmance of the notes and seeming obligation
aforesaid with justice and fairness to the plaintiff in con-

formity with law." The plaintiff filed a reply denying
the matters alleged in the answer except as to the state-
ment that defendant had signed the notes. Thereafter, on
Sept. 3, 1912, W. O. Taylor filed an amended answer con-
taining substantially the same allegations with the addi-
tion that he alleges he arrived at the age of 21 years on
July 5, 1912, and "that he now disaffirms and revokes the
said contract and refuses to perform the conditions in the
contracts or notes." To which answer plaintiff replied
denying all the facts so alleged except the execution of the
notes. A. L. Taylor, by his answer admitted the execu-
tion of the notes, that he signed said notes as surety for
W. O. Taylor, and that the consideration of the notes was
the conveyance of the property described in them to W. O.
Taylor, who was at the time an infant; that since attain-
ing his majority he "disaffirms and revokes" said notes,
and "has tendered back and surrendered back to plaintiff
in this cause the lots and real estate for the payment of
which the two notes in question were given." This alle-
gation appears in A. L. Taylor's second and third amended
answers. The appellee demurred to the second amended
answer on the ground that it stated no defense in law;
which demurrer was sustained and appellee on Jan. 17,
1913, filed his third amended answer, which was stricken
from the files on the motion of appellee because it con-
tained no facts not formerly pleaded and held insufficient
to which ruling of the Court appellant excepted and re-
fused further to plead and judgment was entered against
him as prayed in the complaint.

## OPINION OF THE COURT.

MECHEM, District Judge—The question presented is:
Will a surety on a note sued on by the original payee,
given by an infant for the purchase price of real es-
tate conveyed by the payee of the note to the infant,
be discharged from liability, where the principal on com-
ing of age, disaffirms the deed conveying the real estate
and tenders back a deed to the payee? If the late infant
on arriving at his majority may disaffirm the deed and if

such disaffirmance renders it void ab initio, propositions not questioned, and if the deed tendered vests the payee in all that he ever parted with, in consideration of the note, which it does as far as the record in this case discloses, then the consideration of the note is wiped out or extinguished. The defense is failure of consideration, which is good as between the original parties to the note. Sec. 28, chapter 83, laws 1907. We are of the opinion that the question stated must be answered in the affirmative. Baker v. Kennett, 54 Mo. 82; Keokuk County State Bank v. Hall, 106 Iowa 540, 76 N. W. 832; Kyger v. Sipe, 89 Va. 507, 16 S. E. 627.

It is true that the plea of infancy is a personal defense and as such cannot avail the surety, but this only applies to the contract itself upon which the surety is bound, in this case, the note, and does not extend to the consideration for the note. Where the principal is discharged because of incapacity to contract the surety stands in the position of principal promisor. His promise in this case was based upon a consideration moving to his principal, which has failed, through no fault of his. His obligation cannot be extended beyond the note. He cannot be held to have promised that W. O. Taylor, on attaining his majority would not avoid the deed. He did not guarantee both the note and the consideration for the note.

The cases cited by counsel for appellee support the rule that a discharge of the principal by reason of infancy does not discharge the surety, but in all the cases so cited the contract was supported by valuable consideration.

Appellee states that by his amended reply to the second amended answer of W. O. Taylor, he alleges that he refuses to take back the property or a deed for the same. The pleading mentioned is not in the record, but as this cause must be reversed we will treat the point as raised. It may be disposed of very easily upon principle. Where an infant receives anything by reason of a contract, which he disaffirms upon coming of age, he must restore what he received under the contract in order to make the disaffirmance effective. He cannot avoid the

·contract and still retain the fruits of it. 22 Cyc. 614. Now if the right of the infant to disaffirm is absolute, of which there can be no ·doubt, and in order to exercise that right he must restore the thing received, if he still has it, then the duty to restore becomes a right to restore, otherwise the right to disaffirm would depend upon the will of the opposite party.

 The allegation of tender is attacked because it is not shown how the tender was made. This defect was **3** apparent on the face of the answer and should have been taken advantage of by a demurrer, distinctly specifying this ground of objection. Sub-section 36, sec. 2685, C. L. 1897. For aught that the record shows the Court below ruled on the effect of a tender and not whether a tender was well pleaded.

 The judgment of the lower Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

SYLLABUS (BY THE COURT)

 