**GERMAINE v. CRAMER.**

No. 766.

Municipal Court of Appeals for the
District of Columbia.

April 14, 1949.

William A. Gallagher, of Washington, D. C. (J. Carroll Hayes, of Washington, D. C., on the brief), for appellant.

Bernard Margolius, of Washington, D. C. (Carleton U. Edwards, II, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Paul B. Cramer, Jr., a young naval air cadet, who was 20 years old at the time and therefore legally an infant in this jurisdiction, came home to Washington on leave at Christmas time in 1946 from his station at Pensacola, Florida. From time to time he had sent money to his mother, Mrs. Helen Cramer, to keep for him, and she placed it in her checking account in a local bank. While here he read a newspaper advertisement inserted by Charles J. Germaine for the sale of a used automobile. The advertisement described the car as being in good condition. Paul Cramer went to see Germaine and told him he wanted an automobile so that he could ride back to Florida in it. Germaine guaranteed that the automobile would pass the District of Columbia inspection without requiring any repairs. Relying upon this representation Paul Cramer bought the automobile and made a cash deposit of $15. A day or so later he delivered two checks totaling $510, the balance owing. The checks were made payable directly to Germaine and were signed by Mrs. Cramer but represented her son's money. Germaine delivered the car to Paul Cramer and assigned the title certificate to him. The automobile failed to pass inspection and, when Paul Cramer found that needed repairs would be costly, he decided, as an infant, to disaffirm the purchase.[1] He parked the car in front of Germaine's residence and delivered the keys, the title certificate and the registration card to Germaine's wife in Germaine's presence. At her son's direction Mrs. Cramer stopped payment on the two checks. Germaine sued Mrs. Cramer for the amount of the checks and, when the trial court decided against him, brought this appeal.

We have recited the transaction in perhaps unnecessary detail in order to explain its background, but we believe the appeal must be determined upon the basis of a stipulation entered into between the parties and findings of fact made by the trial court. The agreed statement of proceedings and evidence includes the following: "Immediately preceding the trial of the

---

[1] See Dawson v. Fox, D.C.Mun.App., 64 A.2d 162.

case a stipulation was entered into between the parties, which stipulation was made at the suggestion of the Court in order to define the issues to be tried. It was agreed between the parties in the presence of the Court that the only issue to be decided, and which would be determinative of the entire case was whether the plaintiff, Charles J. Germaine, sold the automobile in question to the defendant, Helen Cramer, or to the defendant's minor son, Paul B. Cramer, Jr."

The statement of proceedings and evidence ends as follows: "At the conclusion of the evidence, plaintiff moved for a verdict for the plaintiff, which was denied, the Court found for the defendant and in giving its ruling stated that the automobile was purchased not by the defendant, but by her son, Paul B. Cramer, Jr., who had, by reason of infancy, disaffirmed the contract and sale. The Court further stated that there was no further question in its mind that the son had forwarded money to the defendant for safekeeping and that there was a relationship of mutual trust between the mother and son, and that the amount of the checks was considered by the Court to be money of the son."

■■■ There was substantial, indeed overwhelming, evidence to support the court's finding that the automobile was sold to the son and not to Mrs. Cramer. Since the parties themselves had agreed that this was the sole issue in the case, such finding is determinative of this appeal. It is fundamental that appellate courts sit to correct errors of trial courts and that, save in exceptional cases, questions not presented to the trial court will not be considered on appeal.[2]

■■■ The basis for the appeal is that in overruling a motion for a new trial the trial court filed a memorandum stating: "This is not a case in which the Defendant is seeking to take advantage of the minor's repudiation of his contract. In this case there was no contractual relationship between Plaintiff and Defendant." Taking the last sentence of the trial court's memorandum literally, appellant argues that a check constitutes a contract between the drawer and payee and hence that the trial court was in error in holding that there was no contract between appellant and appellee. Appellant then further argues that the drawer of a check on which payment has been stopped has the same liability as the maker of a dishonored promissory note. This is, of course, true; but the argument ignores other possible issues, such as restoration of consideration,[3] which were not decided by the trial court because of the stipulation of the parties. It is obvious, we believe, that the trial court in ruling on the motion for a new trial was referring to the stipulation and was only repeating its previous finding that there was no contract of sale between appellant and the mother but that there was one between appellant and the son. In any event, as we have said on two previous occasions, counsel "cannot be permitted to make the motion for new trial a vehicle for asserting objections retroactively or for grounding an appeal on a theory never presented during the trial."[4]

Affirmed.

[2] Columbia Aid Ass'n v. Sprague, 50 App.D.C. 307, 271 F. 381; Zindler v. Buchanon, D.C.Mun.App., 61 A.2d 616; Atchison & Keller v. Taylor, D.C.Mun. App., 51 A.2d 297; District Hauling & Construction Co. v. Argerakis, D.C.Mun. App., 34 A.2d 31.

[3] See Nations v. Gregg, 8 Cir., 290 F. 157; Perry Auto Co. v. Mainland, 229 Iowa 187, 294 N.W. 281; Lagerquist v. Bankers' Bond & Mortgage Guaranty Co., 201 Iowa 430, 205 N.W. 977, 43 A.L. R. 585; Evants v. Taylor, 18 N.M. 371, 137 P. 583, 50 L.R.A.,N.S., 1113.

[4] Atchison & Keller v. Taylor, supra; District Hauling & Construction Co. v. Argerakis, supra.