Nov. 1839.

Parker
v.
Baker and
another.

---

## PARKER *vs.* BAKER and another.

Infancy is a personal privilege, and to be taken advantage of by the infant alone : it does not protect his sureties or endorsers.

An injunction to restrain proceedings at law upon a note of an infant, endorsed by his father, given for the purchase of lands by the infant, issued upon a bill filed by the infant to disaffirm the sale, will be dissolved as to the father.

THE complainant, when an infant of the age of eighteen years, made a contract with the defendant Baker, for the purchase of his interest in a lot of land

situate in Buffalo. Baker's interest in the land was an interest under a contract for the purchase thereof. The complainant was to pay for Baker's interest as follows: 1. By procuring a receipt from his father, Aaron Parker, for an amount owing by the defendant Baker to the father. 2. By giving to the defendant Baker his own notes for the balance of the purchase money, payable in three yearly payments, with his father, Aaron Parker, as endorser or security. The arrangement was completed in the mode above indicated. Baker executed to the complainant an assignment of his interest in the land, and the complainant delivered to the defendant Baker a receipt for the amount due from Baker to the father of the complainant, and also three notes made by himself and endorsed by his father or secured by him, for the balance of the purchase money. When the first note became due, both the complainant and Aaron Parker were sued by the defendant Baker upon the note, which suit is still pending. When the second note became due, Aaron Parker alone was sued by the defendant Baker thereon, and judgment obtained against him. When the complainant, who is now a student in Union College, became of age, he filed a bill against Baker and his father, Aaron Parker, disaffirming the contract, and obtained an injunction against Baker from collecting, and against Aaron Parker from paying the above notes or any of them. He sets up fraud in the bill, which is, however, denied. Baker alone answers, and upon his answer he moves for a dissolution of the injunction.

*Edward Norton*, for complainant.

*Nelson Ford*, for defendant Baker.

18

Nov. 1839.

Parker
v.
Baker and
another.

THE VICE CHANCELLOR. There are two grounds of action set forth in the bill of complaint in this cause : 1. The infancy of the complainant at the time the contract was made. 2. Fraud and fraudulent misrepresentation and concealment on the part of the defendant Baker. The last cause of action is fully denied by the answer of Baker. It seems that the complainant made, while an infant, a contract with the defendant Baker for the purchase of land, and obtained his father's security upon notes given in payment for such purchase. It was doubtless competent for the complainant, after he became of age, to disaffirm this contract ; but the effect such disaffirmance would have upon the father who was security for the infant, is a different and distinct question. The object of this suit is evidently to release both the infant son and the adult father from this contract.-- In this litigation, the father does not seem to have taken part. He has not joined as complainant —he does not defend the suit at law, when brought against him alone—and when made a defendant in this suit, he takes no steps to take care of his rights, if he has any. He appears to be, if not neutral, at least inactive.

It seems to be the settled doctrine, that infancy is a personal privilege, to be taken advantage of by himself alone. It does not protect his endorsers or his sureties. They, if of a full age, may be made liable, although the infant himself escapes responsibility. This doctrine seems to be recognised in Hartness vs. Thompson, 5 Johns. Rep. 160 ; Van Bramer vs. Cooper, 2 Johns. Rep. 279 ; Chandler vs. Parker, 3 Esp. N. P. Rep. 76 ; Jaffray vs. Fretain, 5 Esp. 47 ; and in Comyn on Contracts. If the infant is

so protected in his contracts made during infancy, while his adult co-obligor or surety is liable, the effect upon this motion is apparent. The injunction must be retained so far as the infant is concerned, and dissolved so far as regards proceedings at law against the father. It is not for me to inquire, in this place, whether the father can successfully defend these suits, or how far a defence that the consideration of his promise has wholly failed, will avail him. It is sufficient that such defences are available at law, and there was no necessity of coming into this court on that ground. If he should have to pay this money while the son escapes, it is probable that he may be subrogated to the rights of his son, in the land agreed to be conveyed. But there is enough in the bill to shew that the injunction should never have issued against the father; and there is enough in the bill and answer to shew that it should be dissolved as to Baker's right to proceed against the father.

Order that the injunction be modified and dissolved, so far as it restrains the defendant Baker from proceeding at law to collect the notes mentioned in the pleadings, as against the defendant, Aaron Parker. Costs to abide event.