### MEYERS v. WALTON et al.

#### (Supreme Court, Appellate Term. May 27, 1912.)

THEATERS AND SHOWS (§ 3*)—EMPLOYMENT AGENCY—RECOVERY FOR SERVICES.

Under Laws 1910, c. 700, requiring all theatrical agencies to be licensed in order to carry on business, an agency operating without a license could not recover for its services.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 3; Dec. Dig. § 3.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Joe Meyers against Irvin R. Walton and another. From judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Dennis F. O'Brien and M. L. Malevinsky, both of New York City (Arthur F. Driscoll, of New York City, of counsel), for appellants.

Edward Potter, of New York City, for respondent.

LEHMAN, J. The plaintiff sues for services which he claims he rendered to the defendants as their manager under a contract calling for a compensation of 5 per cent. of any salary received by the defendants for the performance of a vaudeville sketch. The contract is in writing, and purports to employ the plaintiff as a manager. The defendants, however, claim that the plaintiff was merely a booking or employment agent, that the services which the plaintiff rendered, or was expected to render, were services as a booking agent; and that the contract employing the plaintiff as their agent was a subterfuge for the purpose of avoiding the provision of chapter 700 of the Laws of 1910, requiring all theatrical employment agencies to be licensed, and to be conducted subject to certain restrictions. Defendants offered evidence sufficient to raise a question of fact upon the issue tendered, but the trial justice directed a verdict apparently holding that the statute merely imposed a penalty for doing business, except as therein provided, but did not render contracts made by an employment agent acting without a license unenforceable against the party dealing with him when fully performed on his part.

The trial justice relied upon the case of Cody v. Dempsey, 86 App. Div. 335, 83 N. Y. Supp. 899, but I do not think that case is any authority for this proposition. In that case the Legislature had inserted into the Penal Code a provision making it a misdemeanor to offer real estate for sale without being duly authorized in writing, and it was held that the Legislature merely imposed a penalty upon a broker acting without written authority, but did not prohibit the agent from obtaining the benefit of any contract of sale negotiated by him. In the case under consideration, the statute is not contained in the penal law, nor is it merely a penal statute, but is part of the General Business Law. It distinctly prohibits the carrying on of any employment agency unless he shall have first procured a license. In the case of Sirkin v. Fourteenth Street Store, 124 App. Div. 389, 108 N. Y. Supp. 830, the court stated the rule that:

"One who is required by law to procure a license to conduct any trade, calling, or profession may not recover for services rendered or property sold, without first obtaining such license, regardless of whether or not it was known by the person for whom the services were rendered or to whom the property was sold that the license had not been obtained"—citing Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987; Schnaier v. Navarre Hotel & Imp. Co., 82 App. Div. 25, 81 N. Y. Supp. 633, and other cases which fully sustain this dictum.

In the same case the court explained the case of Cody v. Dempsey, supra, and apparently held it applicable only to its own peculiar facts.

Judgment should be reversed and a new trial ordered, with costs to appellants to abide the event. All concur.