BETTY P. PAWLOWSKI, Plaintiff, Respondent, *v.* CHARLOTTE WOODRUFF, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, March, 1924.

Contracts — agreement between plaintiff and defendant providing for management and incidentally for seeking employment — plaintiff not required to procure license under General Business Law, § 172 — agreement enforcible.

An agreement by which the defendant, a musician, engaged the plaintiff as " exclusive manager " which provides that the plaintiff is to secure profitable engagements for defendant and is to receive as compensation ten per cent of defendant's " earnings in the profession of music " constitutes a contract for management and but incidentally for seeking employment, and, therefore, the plaintiff is not required in order to recover under the contract to procure a license under section 172 of the General Business Law, which provides that every " theatrical employment agency " must be licensed, for subdivision 3 of section 171 provides that " such term does not include the business of managing * * * artists * * * where such business only incidentally involves the seeking of employment therefor."

GUY, J., dissents with opinion.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff, after trial by the court without a jury.

*Henry Herz* (*Maurice Deiches*, of counsel), for appellant.

*Frederick W. Sperling*, for respondent.

PROSKAUER, J. Plaintiff has recovered on a contract by which defendant, a musician, engaged her as " exclusive manager." This imports that plaintiff was to serve as manager. *Wood* v. *Duff-Gordon*, 222 N. Y. 88. The agreement further provided that plaintiff was to secure profitable engagements for defendant and to receive as compensation ten per cent of defendant's " earnings in the profession of music."

The judgment is challenged solely because plaintiff had not procured a license under section 172 of the General Business Law, which provides that every " theatrical employment agency " must be licensed, and which in subdivision 3 of section 171 provides that " such term does not include the business of managing * * * artists * * * where such business only incidentally involves the seeking of employment therefor." This contract provided for management and but incidentally for seeking employment. Plaintiff's compensation was based on defendant's earnings from employment whether procured by plaintiff or not. Indeed defendant by letter emphasized to plaintiff, " You know you are supposed to be my personal manager " and taxed plaintiff with failure

Appellate Term, First Department, March, 1924. [Vol. 122

to perform her duties as manager. This contract is no subterfuge to evade the General Business Law. An employment agency could not circumvent the statute by putting its contract to procure employment for an artist in the form of an agreement for manage· ment. But that is not the case at bar. The judgment should, therefore, be affirmed.

Judgment affirmed, with twenty-five dollars costs.

BURR, J., concurs; GUY, J., dissents.

GUY, J. (dissenting). The contract which forms the basis of plaintiff's cause of action provides, *first,* that defendant agrees to and does hereby engage plaintiff to be her exclusive manager; *second,* that plaintiff agrees to render service " in the procuring of desirable and profitable engagements as soloist and ensemble " for defendant; *third,* that defendant " does hereby further agree to pay to the said Betty Payne a sum equal to ten per cent of her earnings in the profession of music, such sums to be paid weekly," the agreement to be in force for a period of two years.

The only specific duties which plaintiff undertakes to perform for defendant are to render service " in the procuring of desirable and profitable engagements as soloist and ensemble; " and the compensation provided to be paid plaintiff, equal to ten per cent of defendant's earnings in the profession of music, is clearly intended to be compensation for the only duties plaintiff has contracted to perform or is obligated to perform. It is conceded that plaintiff had no license to act as a theatrical employment agent.

Section 171, subdivision 3, of the General Business Law provides: " The term ' theatrical employment agency ' means and includes the business of conducting an agency, bureau, office or any other place for the purpose of procuring or offering, promising or attempting to provide engagements for circus, vaudeville, theatrical and other entertainments or exhibitions or performances, or of giving information as to where such engagements may be procured or provided, *whether such business is conducted in a building, on the streets or elsewhere, but such term does not include the business of managing such entertainments, exhibitions or performances, or the artists or attractions constituting the same, where such business only incidentally involves the seeking of employment therefor.*"

Section 172 of said law provides: " A person shall not open, keep, maintain or carry on any employment agency, as defined in the preceding section, unless he shall have first procured a license " and that any one so doing without a license shall be guilty of a misdemeanor.

As the contract runs for two years, during which period plaintiff

is to endeavor to obtain engagements of the character described in the statute and to receive a percentage of plaintiff's professional earnings during said entire period, the service which by said contract plaintiff undertook to perform, and defendant undertook to compensate plaintiff for performing, constituted a carrying on of the business of an employment agency as prohibited by the statute; and clearly the contract does not come within the exception provided by subdivision 3 of section 171, for the reason that by said contract the obtaining of employment is not incidental, but is the main purpose of the contract, and the management is incidental. *Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384, 389; *Johnston* v. *Dahlgren*, 166 N. Y. 354; *Meyers* v. *Walton*, 76 Misc. Rep. 510.

The judgment should, therefore, be reversed, with thirty dollars costs, and the complaint dismissed, with costs.

Judgment affirmed, with twenty-five dollars costs.