BERT GERVIS, Plaintiff, *v.* MARJORIE KNAPP et al., Defendants.

Supreme Court, Special Term, New York County, August 7, 1943.

312

Martin Winter and Alfred J. Simon for defendants.

Harry Berman for plaintiff.

SCHREIBER, J. The action is for damages for breach of contract. The parties to that contract are plaintiff, a theatrical manager, and defendants, respectively an infant singer and her mother, who guaranteed the contract. The infant has disaffirmed the contract and summary judgment has been granted herein in her favor. The mother now, likewise, moves for summary judgment, asserting that disaffirmance by the infant principal, in the circumstances at bar, relieves her of any liability as guarantor as a matter of law.

Generally, and contrary to the usual rule in principal and surety, a guarantor for a minor remains bound although the minor principal may be discharged upon disaffirmance. (*Parker* v. *Baker,* 1 Clarke 136.) It is said, however, that where the minor principal, upon such disaffirmance, restores all that has been received, the rule is without application and the surety is discharged, and it has so been held in other jurisdictions. (*Lagerquist* v. *Bankers Bond & Mortgage Guaranty Co.,* 201 Iowa 430; *Seeley* v. *Sealey-Howe-Le Van Co.,* 128 Iowa 294; *Birken* v. *Tapper,* 45 S. D. 600; note, 24 A. L. R. 838.) That result would seem to follow where the return of the consideration by the infant was accepted as a complete acquittal or where the party who contracted with the infant was made whole, but where the consideration is returned only in part or special damages exist, the guarantor's defense would appear to be partial only. Perhaps where the infant clearly has received nothing and thus has nothing to return, the surety is discharged upon mere disaffirmance. (Cf. *Lagerquist* v. *Bankers Bond & Mortgage Guaranty Co., supra.*) This is

claimed to be the situation at bar, but this is not necessarily so, as plaintiff may well have rendered services during the life of the contract and prior to its disaffirmance. If he has suffered damage thereby, it may be that the moving defendant should be made to answer. (*Goldfinger* v. *Doherty,* 153 Misc. 826.) Even though the likelihood of such recovery on such ground on these papers seems improbable, these are matters which should not be decided on affidavits.

The contention that the contract is unenforcible because plaintiff was not licensed as a theatrical employment agency (General Business Law, §§ 171, 172), is not well taken. The contract establishes that plaintiff was primarily a manager. (*Pawlowski* v. *Woodruff,* 122 Misc. 695.) Motion denied.