Edgar J. Nathan, Jr., J.
Plaintiff operates an agency in the New York City metropolitian area, whose main function is to seek employment for fashion models listed with it. The defendant is a fashion model who first became listed with the plaintiff in 1954. About three years later, in September, 1957, plaintiff and defendant entered into a written contract by the terms of which plaintiff was employed as defendant’s exclusive representative for a period of three years, with automatic renewals for three-year terms unless either party served a written notice of termination at least 30 days prior to the expiration of the contract. The contract also provided for the collection of fees by the agent as long as the model received compensation from employers, even though not procured by the agent, and even after the contract was terminated, if the employment was obtained during the life of the contract. Paragraph numbered 7 of the contract appoints the agent attorney in fact to collect the model’s earnings, and is in substance an assignment of her wages. In July of 1958 defendant repudiated the contract and thereafter became listed with another agency.
Plaintiff sues for damages in the sum of $100,000, resulting from the breach of this contract, and also for an injunction restraining defendant from employing any other agent to represent her in the modeling field in the New York City area for the remainder of the contract period.
Upon trial, the defendant did not deny that she had discontinued the employment of plaintiff as her agent and had employed another agent after July of 1958, but interposed several affirmative defenses in justification of her action, asserting, among other things, that the contract was contrary to public policy and therefore null and void, in that important provisions thereof were in violation of law.
Defendant’s first affirmative defense is that the contract, although labeled as an “exclusive agency contract ”, is in reality a contract to secure employment for defendant; that plaintiff was actually operating an employment agency; that plaintiff is unlicensed and therefore violating the provisions of article 11 of the General Business Law, and consequently has no right to maintain this action.
Although plaintiff testified that the contract is one for management primarily, with the obtaining of employment only an incident thereto, this is not borne out by the evidence. The language of the contract, stripped of its excess verbiage, provides that the plaintiff will seek employment for the defendant in the modeling *530 field, and as such it is an employment contract, despite the language used (see Pawlowski v. Woodruff, 122 Misc. 695). It follows, therefore, that plaintiff, as an employment agency, is subject to the provisions of article 11 of the General Business Law. Plaintiff’s attempts to bring itself within the exclusionary provisions of subdivision 4 of section 171 of that statute are unavailing, since it was proved at trial that the main business of the plaintiff is securing employment for models. Section 172 requires that all employment agencies must be licensed by the Commissioner of Licenses. The propriety of this procedure is not challenged in this action. Indeed, for many years the plaintiff annually secured such license as an employment agency, but it did not have one after 1958.
However, the contract at all times was contrary to law and public policy in that, among other things, it required unlawful fees and contained a provision amounting to an assignment of wages. In addition, paragraph 4a of the contract provides for a commission to be paid to the plaintiff by the defendant whether or not it procured the employment for the model; this is a clear violation of subdivision 1 of section 185 of the General Business Law as amended. Consequently, even if the plaintiff were properly licensed, as paragraphs 4a, 4c and 7 are integral parts of the contract, it would fall. The contract having been held to be invalid, no injunction lies. Even if the contract was valid, there was no showing that defendant’s services were unique and irreplaceable, despite the fact she was considered one of the plaintiff’s top models. Defendant is one of many models who render similar services in the fashion industry; her abilities are not of such a nature as to permit the granting of an injunction. Nor was there any proof that plaintiff will suffer irreparable injury by virtue of defendant’s employment by another agency. Accordingly, this is not such a case in which an injunction should be granted. (See Max Hart Attractions, Inc. v. Serpico, 22 N. Y. S. 2d 745.)
Judgment is rendered in favor of the defendant dismissing the complaint. No costs are awarded. Findings of fact and conclusions of law having been waived, this constitutes the decision of the court, as required by section 440 of the Civil Practice Act.